# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

EUROFINS VIRACOR BIOPHARMA
SERVICES, LLC,

            Plaintiff,

v.

HAMILTON STORAGE
TECHNOLOGIES, INC.,

            Defendant.

C.A. No.  1:25-cv-01261-CFC

## PLAINTIFF'S OBJECTION TO MOTION TO AMEND AMENDED NOTICE OF REMOVAL

Date: December 8, 2025

> Leslie B. Spoltore
> Obermayer Rebmann Maxwell &
> Hippel LLP
> 123 S. Justison Street, Suite 100
> Wilmington, DE 19801
> Telephone: 302-274-3062
> Facsimile: 302-655-1092
> E-mail:
> leslie.spoltore@obermayer.com
> *Attorney for Eurofins Viracor*
> *BioPharma Services, LLC*

1

# TABLE OF CONTENTS

I.      Introduction.................................................................................................5

II.     Hamilton's Errors.........................................................................................6

III.    The Law Relied Upon by Hamilton Does Not Support Amendment .........7

  a.    Admissions by Hamilton ..............................................................................7

  b.    28 U.S.C. § 1653 Provides Discretion to the Court Whether to Allow
Amendment.........................................................................................................8

  c.    The Problem of Hamilton's Shifting Principal Place of Business .................9

  d.    The Case Law Hamilton Cites Does Not Support Its Demand, is Not
Binding on This Court, or More Often, Both ......................................................11

  e.    The Final Case ............................................................................................17

IV.     Conclusion ..................................................................................................19

4918-4861-2991 v3

# TABLE OF AUTHORITIES

## Cases

*1228 Inv. Grp. LP v. IDT Domestic Telecom*, 852 Fed.Appx. 684 (3d Cir. 2021).....7

*Anthony v. Nat'l Republican Cong. Comm*, 2025 U.S.App.LEXIS 24951 (3d Cir. Sept. 26, 2025) .........................................................................................................8

*Aura Invs. LLC v. Rompsen Morg. Ltd. P'ship*, 2022 U.S.App.LEXIS 28846 (3d Cir. Nov. 4, 2025)..................................................................................................7

*Bouarfa v. Mayorkas*, 604 U.S. 6 (2024) ..................................................................7

*Bowie v. Joshi Hotel Group, LLC*, 2015 U.S.Dist.LEXIS 152115 (M.D.Pa. Nov. 10, 2015) ..........................................................................................................9

*Gargulio v. Dessauer*, 2004 U.S.Dist.LEXIS 7964 (E.D.Pa. May 5, 2004)............15

*Home Depot U.S.A. v. Jackson*, 587 U.S. 435 (2019).............................................14

*Hunt v. Acromed*, 961 F.2d 1079 (3d Cir. 1992) ................................................10, 11

*J&R Ice Cream Corp. v. California Smoothie Licensing Corp.* 31 F.3d 1259 (3d Cir. 1994) ..............................................................................................11, 12, 17

*Kiser v. General Electric Corp.* 831 F.2d 410 (3d Cir. 1987)........................... 12, 17

*Local No. 1 v. Int'l Brotherhood of Teamsters*, 614 F.2d 846 (3d Cir. 1980) ... 16, 17

*McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924 (4th Cir. 1992) ..........................................................................................................13

*Miller v. Principal Life Ins. Co.*, 189 F.Supp.2d 254 (Feb. 27, 2002) .....................15

*Monica v. Accurate Lift Truck*, 2010 U.S.Dist. Lexis 40480 (E.D.Pa. 2010)..........15

*Moore v. Coats Co.*, 270 F.2d 410 (3d Cir 1959).....................................................13

*Newman-Green, Inc. v. Alfonzo Larrain*, 490 U.S. 826 (1989) .................................8

*Newsert, LLC v. Reach Co. LLC*, 2020 U.S.Dist.LEXIS 267709 (D.N.J. June 29, 2020) ..............................................................................................................9

*O'Boyle v. Braverman*, 2008 U.S. Dist.LEXIS 62180 (D.N.J. Aug. 12, 2008).........9

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ....................................................12

*Stellwagen v. ChemLawn Services Corp.*, 1993 U.S.Dist.LEXIS 210 (E.D.Pa. Jan 12. 1993) ..............................................................................................................16

*Xia Zhao v. Skinner Engine Co.*, 2012 U.S.Dist.LEXIS 68854 (E.D.Pa. 2012)......16

## Statutes

28 U.S.C. § 1446............................................................................................. 13, 14

28 U.S.C. § 1653...................................................................................... 7, 8, 14, 16

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EUROFINS VIRACOR BIOPHARMA SERVICES, LLC, | |
| Plaintiff, | C.A. No.  1:25-cv-01261-CFC |
| v. | |
| HAMILTON STORAGE TECHNOLOGIES, INC., | |
| Defendant. | |

## PLAINTIFF'S OBJECTION TO MOTION TO AMEND AMENDED NOTICE OF REMOVAL

### I.    Introduction

In response to Eurofins' Motion to Remand for failure to properly remove this action to this Court, Hamilton doubles down, by identifying more deficiencies (in addition to those identified by Eurofins) in its removal papers that it failed to correct in any of its prior Amended Notices of Removal, and demands the Court allow Hamilton to amend yet again, after the expiration of the deadline, to correct its multiple failures.

In its Objection to the Motion to Remand and its Motion to Amend its Amended Notice of Removal, Hamilton makes the same argument: the Court must forgive its failures and allow it to fix them even though the deadline for properly

5

removing the case has now passed. In support, Hamilton cites to a statute that does not require the Court to give leave to do anything and a series of cases that are clearly distinguishable from this case, usually because there is some additional equitable consideration that weights in favor of the court granting leave.  None of those equities exist here.

Eurofins asks that the court deny Hamilton's Motion to Amend its Amended Notice of Removal and grant the pending Motion to Remand the case back to the Delaware Court of Chancery.

## II.    Hamilton's Errors

While the Motion to Remand focused on Hamilton's failure to properly identify its own citizenship in either its Notice of Removal or Amended Notice of Removal, now, after its time to fix those errors has passed, Hamilton moves the Court Court to exercise its discretion to fix not only that error but also others.

Most egregiously, when Hamilton claimed that it had "**a** principal place of business in Massachusetts," it did not in fact mean that "**its** principal place of business" was or is in Massachusetts. Hamilton now submits a new affidavit that states its principal place of business is Nevada, which directly contradicts the

6

Declaration[1] attached to the Notice of Removal that Hamilton "is a Nevada Corporation with a principal place of business in Massachusetts." Motion to Amend, p. 9. This contradiction undermines any claim that there was a simple technical error here. To the contrary, Hamilton misstated the jurisdictional facts.

Finally, Hamilton admits it improperly alleged Eurofins' principal place of business in its Amended Notice of Removal, although it implausibly argues that it did not do so in Exhibit B to the Amended Notice.[2] Motion to Amend, p. 8 fn. 2; ECF # 9-2.

## III.    The Law Relied Upon by Hamilton Does Not Support Amendment

### a. Admissions by Hamilton

Importantly, there are certain points upon which Hamilton appears to agree with Eurofins' position. First, Hamilton agrees that it cannot amend its Notice of Removal without the permission of the Court, and that if it is not permitted to amend its notice of removal yet again, its jurisdictional allegations are insufficient. Accordingly, if this Court does not grant Hamilton's Motion to Amend its Amended

---

[1] Declaration Pursuant to 28 U.S.C. §1746, of Michael J. McAndrew, Esq. in support of Defendant's Hamilton Storage Technologies, Inc., Removal to Federal Court. Notice of Removal, Exhibit B.

[2] Exhibit B to the Amended Notice of Removal is an email authored by counsel for Eurofins properly identifying Eurofins' citizenship.

Notice of Removal, then this Court will not have subject matter jurisdiction over this matter and will have no choice but to remand the case to state court.

Hamilton also admits that the time for it to amend its Notice of Removal without leave of court has passed,[3] and that, despite its efforts at amendment during that 30-day period, its notice of removal remains defective.  Thus Hamilton must be granted reprieve by the Court if it is to salvage its efforts to remove this case from the forum chosen by the Plaintiff.

### b. 28 U.S.C. § 1653 Provides Discretion to the Court Whether to Allow Amendment

Defendant demands that this Court grant Hamilton's Motion to Amend its Amended Notice of Removal and then deny the Eurofins' Motion to Remand based on 28 U.S.C. § 1653, which reads, in its entirety: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

The statute does not mandate amendment: it only allows it, "upon terms." The Third Circuit understands that this does not mean that the granting of leave is a purely ministerial act by the courts: rather, courts "may allow a party leave to amend pleadings if there is a jurisdictional defect." *1228 Inv. Grp. LP v. IDT Domestic Telecom*, 852 Fed.Appx. 684, 687 (3d Cir. 2021); *Aura Invs. LLC v. Rompsen Morg.*

---

[3] Hamilton makes an argument about whether some event prior to formal service began its time to file a proper notice of removal, but it is somewhat unclear why, as it admits that in any case that its time has passed.

*Ltd. P'ship*, 2022 U.S.App.LEXIS 28846 at \*6-7 (3d Cir. Nov. 4, 2025) (courts are not required but "authorized to grant leave to amend jurisdictionally defective pleadings"). "As this Court has repeatedly observed, the word 'may' *clearly* connotes discretion. *Bouarfa v. Mayorkas*, 604 U.S. 6, 14 (2024) (cleaned up, emphasis in original). Beyond the basic discretion here, "the District Court may assess the terms for potentially curing [a] deficiency." *Anthony v. Nat'l Republican Cong. Comm*, 2025 U.S.App.LEXIS 24951 at \*8, fn. 3 (3d Cir. Sept. 26, 2025).

### c. The Problem of Hamilton's Shifting Principal Place of Business

Hamilton's Motion to Amend its Amended Notice of Removal cites to the United States Supreme Court for the principle that 28 U.S.C. § 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo Larrain*, 490 U.S. 826, 831 (1989). The jurisdictional facts, however, are murky.

In both the original and amended Notices of Removal, Hamilton declared that it had a principal place of business in Massachusetts (while shading it by only calling Massachusetts "a" principal place of business, the very reason that such pleading is not permitted to establish diversity – it invites, at best, imprecision). In support of this statement, both the Notice of Removal and the Amended Notice of Removal inexplicably cite paragraph 3 of the Complaint, which contains no allegations regarding Hamilton's citizenship or its principal place of business.

9

Hamilton's principal place of business is a jurisdictional fact, not merely an allegation. And since Hamilton has proven itself to be an unreliable narrator when it comes to its own citizenship, with erroneous citations and changing representations, that fact is very much in doubt.

Hamilton cites to a District of New Jersey case, *O'Boyle v. Braverman*, in which it claims the court permitted "Braverman to amend notice to properly allege the states of citizenship of his law firm." Motion to Amend, p. 7. This is misleading. In *Braverman*, the Defendant did not change the state of citizenship. He instead amended because one of multiple defendants was an LLC and its citizenship had been erroneously pleaded as if it was a corporation. *O'Boyle v. Braverman*, 2008 U.S. Dist.LEXIS 62180 at *7-8 (D.N.J. Aug. 12, 2008). The citizenship, however – the jurisdictional fact – did  not change. *Id*. at *11. Indeed, the District of New Jersey specifically based its decision to allow amendment on the fact that the state of citizenship *did not change*. *Id*. It is also notable that, unlike Hamilton, Braverman filed a motion to amend to correct his error *before* the opposing party filed a motion to remand. *Id* at *7-8.[4]

_____

[4] The other two cases cited by Hamilton for this principle are both orders of District Courts directing parties to file amended notices so the courts can determine whether diversity jurisdiction exists in cases where there was apparently confusion over how to plead the citizenship of limited liability companies, not responses to a request to amend to change the amending party's own citizenship. *Newsert, LLC v. Reach Co. LLC*, 2020 U.S.Dist.LEXIS 267709 (D.N.J. June 29, 2020); *Bowie v. Joshi Hotel*

**d. The Case Law Hamilton Cites Does Not Support Its Demand, is Not Binding on This Court, or More Often, Both**

Even if the shell game Hamilton has been playing regarding its principal place of business is put aside, its arguments are unavailing.

Hamilton cites a variety of cases, reported and unreported and at all levels of the Federal Courts, including District Courts in Pennsylvania and New Jersey (oddly, none from the District of Delaware); the Third, Fourth and Seventh Circuits; and the Supreme Court. This case law, however, is distinguishable for good reasons, and reasons that generally clarify why Hamilton should not be granted leave of Court here, and allowed to again amend its Amended Notice of Removal contrary to the precedent of *Hunt v. Acromed*, in which the Third Circuit affirmed the District Court's refusal to allow amendment of a notice to remove on identical facts. 961 F.2d 1079, 1080 (3d Cir. 1992).

First, however, it is worth addressing Hamilton's contention that *Hunt* was decided solely on the basis that the clerk had mailed a remand order to the state court. Indeed, this did make it unnecessary to explicitly approve the District Court's refusal to allow amendment, but the Third Circuit is clear both that a failure of a corporate party to properly allege its principal place of business in a notice of removal is

---

*Group, LLC*, 2015 U.S.Dist.LEXIS 152115 (M.D.Pa. Nov. 10, 2015). Indeed, in *Joshi* even the Court may have been confused, as it directed the defendant, an LLC, to plead its citizenship as if it were a corporation. 2015 U.S.Dist.LEXIS 152115 at *4.

4918-4861-2991 v3

insufficient to invoke diversity jurisdiction (*Id*. at 1080) and that it had no sympathy

for the Defendant's plight:

> We recognize that our opinion is exacting since the substantive statutory criteria for the exercise of removal jurisdiction appear to have been met in this case, but even if we were not obliged to reach our result, it would be entirely appropriate to do so. There is no question but that Arcromed made the mistake which has caused the problem we have addressed.

*Id*. at 1082, *see also* fn. 7 (dismissing the Defendant's efforts to "downplay[] the

significance of the use of 'a' rather than 'its' in its notice of removal" – notable in

light of Hamilton's repeated claim that its error was "purely technical").

In response, Hamilton points to footnote 3 of *J&R Ice Cream Corp. v.*

*California Smoothie Licensing Corp.*, in which the Third Circuit exercised its

discretion under § 1653 to "regard the jurisdictional problem as cured" following the

presentation of certain supporting evidence. 31 F.3d 1259, 1266 fn. 3 (3d Cir. 1994).

It is true that the Plaintiff in that case had improperly pleaded diversity jurisdiction

in a similar fashion as the Defendant here improperly invoked it. *Id*. The similarities,

however, end there.

First, the issue of the failure to properly plead jurisdiction was not apparently

raised in *J & R Ice Cream* until the case was on appeal, following a jury trial. *Id*. at

1264-1265. The case had been litigated in the federal courts for nearly four years.

*Id*. Most importantly, the Plaintiff had won a verdict, which the Third Circuit upheld,

12

at least in part. *Id*. To not exercise discretion to allow the case to proceed despite the pleading deficiency would mean throwing away years of work by both the parties and the courts (the Plaintiffs apparently incurred close to $300,000 in attorney fees – *see Id*. at 1265) and granting a do-over to the Defendant who did not apparently raise the issue earlier. The equities, in other words, were strongly in favor of allowing correction of the defective allegations.

No such equities exist here. Since the case was removed to the District of Delaware, no discovery has occurred. The Court has made no substantive rulings. Eurofins raised the issue of the defective allegations promptly upon the final failure of Hamilton to timely amend its Notice of Removal.

Second, in *J & R Ice Cream* the defective allegations were made by the Plaintiff in the Complaint, not the Defendant in a Notice of Removal. "A plaintiff's choice of forum should rarely be disturbed." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). Further, when a case has been initiated in the Federal District Court, the result of a refusal to amend is dismissal, rather than simply litigating the matter in a less preferred forum. This undue prejudice, indeed, underlies the decision Hamilton points to in *Kiser v. General Electric Corp*. 831 F.2d 410 (3d Cir. 1987). The Third Circuit there found that the District Court "punished" the Plaintiff by dismissing her case and "must be cautious in assessing motions to dismiss, particularly where such a motion would terminate the litigation before the parties

13

4918-4861-2991 v3

have had their day in court." *Id*. at 427, 428. There is no such "punishment" in returning this case to the Court of Chancery. Hamilton will have its day in court regardless of the forum. The equities in *J & R Ice Cream* and *Kiser* supported the grant of leave to amend because the prejudice of doing otherwise would be extreme. In the present case, no such prejudice exists.[5]

Hamilton next points to a Fourth Circuit case in which that Court observes that "Congress seems to believe that the defendant's right to remove a case that could be heard in federal court is at least as important as the plaintiff's right to the forum of his choice." *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 927 (4th Cir. 1992). Beyond the fact that holdings of the Fourth Circuit are not precedential in the Third Circuit, Hamilton omits the moderating language "Congress seems to believe that" in quoting this section, recasting it as a rule of law rather than speculation about congressional intent. Motion to Amend, p. 11.

In any case, The Fourth Circuit's concern in *McKinney* was "tactical maneuvering" in avoiding removal by serving different defendants at different times,

---

[5] Notably, the case of *Moore v. Coats Co.*, which Hamilton cites although it has little clear parallel with the present case, being primarily about venue, the Third Circuit again underlines the centrality of consideration of prejudice and equities when granting leave to amend when it notes that "since the plaintiff-appellant appears pro se and is unskilled in the law, we must view his pleading and the applicable procedure liberally." 270 F.2d 410, 411 (3d Cir 1959). Hamilton is, of course, not pro se and is instead represented by counsel skilled in the law.

which does not exist here, and in any case was made impossible by subsequent statutory amendment. 28 U.S.C. § 1446(b)(2)(B) (last served defendant rule). Not only is *McKinney* not precedential, the principles which animated it do not apply to this case and in fact have been addressed by Congress, not by stating, as the *McKinney* court speculated, that a defendant's right to remove "is at least as important as the plaintiff's right to a forum of his choice," but instead by enacting a procedural alteration.

Hamilton also cites *Home Depot U.S.A. v. Jackson* for the principle that a removal statute "ensures that defendants get an equal chance to choose a federal forum." 587 U.S. 435 (2019). And that language does *indeed* appear in that case - in the dissent. *Id*. at 447. In fact, *Home Depot* stands for the opposite principle: defendants do not get an equal chance to choose a federal forum. Only defendants who conform to Congress' requirements for removal do. *Id*. at 446. Indeed, the major thrust of the opinion is underlining how limited removal jurisdiction is. *See Id*. at 438 (emphasizing the narrowness of the general removal statute). The procedure for filing the notice of removal, including time to file and the requirement of "a short and plain statement of the grounds for removal," notably, were set by Congress. 28 U.S.C. §1446(a). So was the requirement that an amendment after 30 days be made only with leave of court and "upon terms." 28 U.S.C. § 1653. The Supreme Court held in *Home Depot*, in the Opinion of the Court rather than the dissent, that if

15

Congress is unhappy with the law, "it certainly has the authority to amend the statute. We do not." 587 U.S. at 446.

Hamilton points to unreported and non-precedential District Court cases in the Eastern District of Pennsylvania in which removing defendants amended notices of removal to correct deficient allegations. *Monica v. Accurate Lift Truck*, 2010 U.S.Dist. Lexis 40480 (E.D.Pa. 2010); *Gargulio v. Dessauer*, 2004 U.S.Dist.LEXIS 7964 (E.D.Pa. May 5, 2004); *Miller v. Principal Life Ins. Co.*, 189 F.Supp.2d 254 (Feb. 27, 2002). In *Gargulio* and *Monica*, the Court allowed amendment, recognizing that it was engaging in acts of discretion in doing so. 2010 U.S.Dist. Lexis 40480 at *6 fn. 4 ("Because the 30 day period for removal expired before the defendant filed its motion to amend, however, the defendant may amend the notice of removal only with the Court's leave); 2004 U.S.Dist.LEXIS 7964 at *6 ("a court may permit a defendant to amend a notice of removal to correct defects in allegations of jurisdiction"). In addition to not being precedential, these cases are not persuasive, as they do little to explain why they are acting as they are. The better, and precedential, approach is that of the Third Circuit in *Hunt*, *J & R Ice Cream*, and *Kiser*.

In *Miller*, the central question was whether a nominal defendant was required to join in a notice of removal. *Miller*, 189 F.Supp.2d at *3. The pleading deficiency there was a failure to state in the notice of removal that the nominal defendant was,

16

in fact, a nominal defendant. *Id*. at *5. The *Miller* court found it significant that "by the time that Harris filed his notice of removal… Principal Life had already filed in the state court its answer and new matter which stated that it was merely a stakeholder." *Id*. at *8-9. The missing information, therefore, was a part of the record at the time of removal, and the court found the notice prior to removal important to its exercise of its discretion. *Id*. There was no such prior statement of Hamilton's citizenship in the record here. Other cases cited by Hamilton similarly rely, in whole or in part, on pre-existing evidence in the record of jurisdictional facts. *Xia Zhao v. Skinner Engine Co.*, 2012 U.S.Dist.LEXIS 68854 at *10-11 (E.D.Pa. 2012) (relevant jurisdictional information in answers to the complaint and declarations and affirmations in the record); *Stellwagen v. ChemLawn Services Corp.*, 1993 U.S.Dist.LEXIS 210 at *3 (E.D.Pa. Jan 12. 1993) (relevant jurisdictional facts appeared in the complaint).

### e. The Final Case

Hamilton seems convinced that *Local No. 1 v. Int'l Brotherhood of Teamsters* is its trump card in this case, but the brief discussion of 28 U.S.C. § 1653 there underlines exactly why the considerations that underlie the exercise of discretion to allow amendment do not support that outcome in this case:

> Although the grant of a section 1653 motion is discretionary, we believe we should exercise that discretion in favor of the appellant because he has the benefit of a judgment in the district court and amendments

17

> should be permitted in the interests of justice to avoid
> dismissal of suits on purely technical grounds.

614 F.2d 846, 853 (3d Cir. 1980). This is perhaps the clearest statement of how a court should consider a request to amend under 28 U.S.C. § 1653 that the Third Circuit, or maybe any federal court, has produced. It is grounded deeply in equity and justice.

The Third Circuit begins with the recognition that a grant of leave to amend is not automatic or ministerial. It requires an exercise of discretion and a consideration of the practical results. The Third Circuit notes that the appellant has "the benefit of a judgment in the district court." As in *J & R Ice Cream*, the danger of losing what has already been done is a primary consideration, especially when it could cause a party to lose a hard-fought victory.

Next, the Third Circuit notes that amendments should be permitted when, first, it is in the interests of justice, second, to avoid dismissal of suits, and only after those considerations does the Third Circuit mention the "technical grounds" consideration.

In this case, unlike *Local No. 1* and *J & R Ice Cream* there is no judgment. There has not even been meaningful litigation. No one is winning and no one is losing. Eurofins did not simply hold Hamilton's errors in its back pocket to see if it succeeded on the merits or not.

Similarly, and unlike *Local No. 1*, *J & R Ice Cream*, and *Kiser*, there is no danger of the extreme prejudice of a lost claim here. The case will simply return to

18

the Court of Chancery, where it will be litigated and tried on the merits. What justice interest is served by giving Hamilton another bite at this apple? What equitable principle is advanced if the Court steps in to save Hamilton from its own errors? Hamilton identifies none. It does not even attempt to do so.

## IV.    Conclusion

Hamilton demands that this Court exercise its discretion to give it yet another chance to properly plead facts that allow this Court to invoke diversity jurisdiction after it already failed twice, and came back not with an explanation for its error, but instead an admission of additional deficiencies. It does so despite the fact that it cannot state any reason *why* the Court should reach out to help it in this way. It identifies no prejudice. The cases Hamilton cites, certainly the Third Circuit cases, have equitable *reasons* for what they have done. They have acted in the interest of justice.

Hamilton gives no reason it should be excused its failure to properly plead diversity jurisdiction in a timely manner. With no reason to bend the rules for Hamilton, the Court should decline to do so, deny the Motion to Amend, and remand this action to the Court of Chancery.

Date: December 8, 2025

<div style="margin-left:auto">

*/s/ Leslie B Spoltore*
Leslie B. Spoltore
Obermayer Rebmann Maxwell & Hippel LLP

</div>

19

123 S. Justison Street, Suite 100
Wilmington, DE 19801
Telephone: 302-274-3062
Facsimile: 302-655-1092
E-mail: leslie.spoltore@obermayer.com
*Attorney for Eurofins Viracor*
*BioPharma Services, LLC*

4918-4861-2991 v3

## **CERTIFICATION PURSUANT TO STANDING ORDER**

Pursuant to the Court's Standing Order Regarding Briefing in All Cases, undersigned counsel certifies that the forgoing combined motion and brief (*see* L.R. 7.1.2(a)) has been prepared in 14-point Times New Roman font and contains 3,955 words, as provided by the word processing system used to prepare this filing.

Date: December 8, 2025                    */s/ Leslie Spoltore, Esq.*
                                          Leslie B. Spoltore, Esq.

21

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EUROFINS VIRACOR BIOPHARMA SERVICES, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>HAMILTON STORAGE TECHNOLOGIES, INC.,<br><br>　　　　　　Defendant. | C.A. No.  1:25-cv-01261-CFC |

### **[DRAFT] ORDER**

AND NOW, this ___ day of _____, 2025, upon consideration of Defendant's Motion to Amend Its Amended Notice of Removal and Plaintiff's Objections thereto, it is hereby ORDERED that the Motion to Amend is DENIED. This matter is remanded to the Delaware Court of Chancery. The clerk is directed to mail a certified copy of this Order to the clerk of the Delaware Court of Chancery.

BY THE COURT:

_____
The Hon. Colm Connolly, J.

22

4918-4861-2991 v3