# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EUROFINS VIRACOR BIOPHARMA SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HAMILTON STORAGE TECHNOLOGIES, INC., <br><br> Defendant. | C.A. No. 1:25-cv-01261-CFC |

## **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**

1. In its Objection to the Motion to Remand (ECF # 18), Hamilton does not contest that this case must be remanded to the Court of Chancery unless this Court grants it leave to amend again its Notice of Removal, after the statutory deadline for such amendments has expired (ECF # 19).

2. Hamilton does not contest that both the original Notice of Removal (ECF # 1) and the Amended Notice of Removal (ECF # 9) are defective and fail to satisfy the requirements necessary to establish subject matter jurisdiction in this Court.

3. To the contrary, in its recently filed Motion to Amend its Amended Notice of Removal (ECF # 19), Hamilton identifies additional deficiencies in both the original and amended Notices of Removal.

4. Hamilton now admits that its principal place of business is not in Massachusetts, although both the original and amended Notices of Removal state that Hamilton has "a principal place of business in Massachusetts."

5. As a result, even if the use of "a" principal place of business were acceptably near to "its" principal place of business to be excused as a typo or minor error (it is not – see *Hunt v. Acromed Corp.*, 961 F.3d 1079, 1080, 1082 fn. 7 (3d Cir. 1992)), it would have failed to correctly identify *its own principal place of business*.

6. While neither Eurofins nor this Court was in a position to know Hamilton's true principal place of business, Hamilton should certainly have known, and so its statement that it has "a principal place of business in Massachusetts" is a misleading statement of jurisdictional fact.

7. Hamilton fails to identify any case in which a Court allowed a corporation to change its representation of its principal place of business after the expiration of the statutory deadline, unsurprisingly as the statute Hamilton relies upon, 28 U.S.C. § 1653, "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989).

4914-3127-9743 v3

8.      Even if, however, Hamilton's errors could be regarded as "purely technical," as Hamilton claims, amendment under 28 U.S.C. § 1653 is not granted as a matter of course or a merely ministerial duty of the court.

9.      To the contrary, the Third Circuit has approved amendment of improper jurisdictional allegations pursuant to 28 U.S.C. § 1653 only in cases where there are strong justice and equity considerations compelling it to do so, not simply because a party which has improperly alleged jurisdictional facts would prefer to have done otherwise. *J&R Ice Cream Corp. v. California Smoothie Licensing Corp.* 31 F.3d 1259 (3d Cir. 1994); *Kiser v. General Electric Corp.* 831 F.2d 410 (3d Cir. 1987); *Local No. 1 v. Int'l Brotherhood of Teamsters*, 614 F.2d 846, 853 (3d Cir. 1980).

10.     Hamilton identifies no such equitable considerations in this matter, and indeed does not even try.

11.     The closest it comes is to claim that it possesses a right or interest in removal equal to a Plaintiff's right to choose the forum in which their claims will be heard and that "[T]he removal statute 'ensures that defendants get an equal chance to choose a federal forum.'" Motion to Amend, ECF # 18 at p. 10.

12.     Hamilton misstates the law by omitting key language from the quote. *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 927 (4th Cir. 1992) (Hamilton removes the language "Congress seems to believe" from

its quotation to create the impression that the Fourth Circuit's speculation as to what Congress believed was instead black letter law).

13. Then it implies that a United States Supreme Court case stands for a proposition opposite its actual meaning by offering a quotation from the dissent, but citing it as if it were from the opinion of the Court. *Home Depot U.S.A. v. Jackson*, 587 U.S. 435 (2019).[1]

14. These cases and others cited by Hamilton are addressed at length in Eurofins' Objection to Motion to Amend Amended Notice of Removal filed contemporaneously herewith.

15. The arguments in Hamilton's Objections to the Motion to Remand and Hamilton's Motion to Amend its Amended Notice of Removal are essentially the same: despite multiple attempts, Hamilton failed to properly satisfy the jurisdictional requirements for removal. Nonetheless, Hamilton argues that this Court should exercise its discretion to give Hamilton yet another bite at the apple.

---

[1] Hamilton cites *Home Depot* for the principle that a removal statute "ensures that defendants get an equal chance to choose a federal forum." 587 U.S. 435 (2019). And that language does *indeed* appear in that case - in the dissent. *Id*. at 447. In fact, *Home Depot* stands for the opposite principle: defendants do not get an equal chance to choose a federal forum. Only defendants who conform to Congress' requirements for removal do. *Id*. at 446. Indeed, the major thrust of the opinion is underlining how limited removal jurisdiction is. *See Id*. at 438 (emphasizing the narrowness of the general removal statute).

16. Hamilton offers no reasons why the Court should do so - no equities, no prejudice, no injustice that must be corrected.

17. Hamilton's efforts to remove this case from the Court of Chancery have been legally insufficient, and Hamilton has failed to demonstrate the equitable circumstances that would allow the Court to exercise its discretion to permit another amendment after the expiration of the statutory deadline.

18. For the reasons above and the reasons set out at greater length in the Objection to Motion to Amend, Eurofins asks that the Court grant Eurofins' Motion to Remand this matter to the Court of Chancery.

Date: December 8, 2025

/s/ Leslie B Spoltore
Leslie B. Spoltore
Obermayer Rebmann Maxwell & Hippel LLP
123 S. Justison Street, Suite 100
Wilmington, DE 19801
Telephone: 302-274-3062
Facsimile: 302-655-1092
E-mail: leslie.spoltore@obermayer.com
*Attorney for Eurofins Viracor BioPharma Services, LLC*

## CERTIFICATION PURSUANT TO STANDING ORDER

Pursuant to the Court's Standing Order Regarding Briefing in All Cases, undersigned counsel certifies that the forgoing combined motion and brief (*see* L.R. 7.1.2(a)) has been prepared in 14-point Times New Roman font and contains 1,040 words, as provided by the word processing system used to prepare this filing.

Date: December 8, 2025                    */s/ Leslie Spoltore, Esq.*
                                            Leslie B. Spoltore, Esq.

4914-3127-9743 v3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EUROFINS VIRACOR BIOPHARMA SERVICES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HAMILTON STORAGE TECHNOLOGIES, INC.,<br><br>    Defendant. | C.A. No.  1:25-cv-01261-CFC |

## **[DRAFT] ORDER**

AND NOW, this ___ day of _____, 2025, upon consideration of Plaintiff's Motion to Remand Action to the Delaware Court of Chancery, and Defendant's objections thereto, it is hereby ORDERED that the Motion to Remand is GRANTED. This matter is remanded to the Delaware Court of Chancery. The clerk is directed to mail a certified copy of this Order to the clerk of the Delaware Court of Chancery.

BY THE COURT:

_____

The Hon. Colm Connolly, J.

4914-3127-9743 v3